**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK 10019-9601

TELEPHONE: +1 (212) 468-8000
FACSIMILE: +1 (212) 468-7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

January 29, 2026

Writer's Direct Contact
+1 (212) 468-8203
JLevitt@mofo.com

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18C
New York, NY 10007-1312

Re:  *Cole v. Iconix International Inc. et al.*, Case No. 1:25-cv-09357-MKV,
Request for Pre-Motion Conference on Iconix's Motion to Dismiss

Dear Judge Vyskocil:

We represent Iconix International Inc. in this Action brought by Iconix's former CEO Neil Cole. Pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, Iconix respectfully requests a pre-motion conference on its motion to dismiss and related request for relief. Cole does not consent to Iconix's contemplated motion to dismiss.

## I.  Background

Before filing this lawsuit, Cole received tens of millions of dollars from Iconix in advancement of legal fees he spent defending against multiple civil and criminal fraud accusations. Under the agreements governing his indemnification rights, that advancement is subject to recoupment if Cole's actions constituted bad faith. Given the severity of Cole's misconduct—including such misconduct found during internal investigations—there is no question on that point. Yet, to preempt an action by Iconix to recover the funds it advanced, Cole went on offense, filing frivolous claims in pursuit of even more money. Most of those claims should be dismissed for reasons including failure to state a claim because they are time-barred, or because the damages Cole seeks are unavailable to him. That leaves only the question of whether Cole acted in bad faith, which he clearly did. Adjudicating this issue will resolve Cole's spurious breach of contract claims and support claims Iconix intends to bring to recover funds it advanced Cole.

### A.  Cole's Criminal Conduct, Prosecution, and Procedural Vacatur

Between 2015 and 2018, the SEC and DOJ investigated Cole for an overpayments-for-givebacks scheme he orchestrated to "inflate and falsely report Iconix's revenue." *See United States v. Cole*, 158 F.4th 113, 119 (2d Cir. 2025); Compl. ¶ 27. That led to Cole's 2019 arrest and ten-count indictment for conspiring with Seth Horowitz, Iconix's then Chief Operating Officer, to carry out the fraudulent scheme. *Cole*, 158 F.4th at 119. Count 1 charged Cole with conspiring to achieve three unlawful objectives: (1) securities fraud; (2) false or misleading SEC filings; and (3) improperly influencing the conduct of audits. *Id.* Counts 2–9 "charged the conduct related to

**MORRISON FOERSTER**

January 29, 2026
Page Two

those same objects as substantive offenses," and Count 10 charged Cole with "Conspiracy to Destroy, Alter, and Falsify Records in Federal Investigations." *Id.*[1]

The Government put on voluminous evidence that Cole, among other things, "led the conspiracy," worked with Horowitz to "conceal the givebacks, including by persuading" their co-conspirators "to send fraudulent invoices for marketing payments," and engaged in a "plot to cover up the fraud by destroying incriminating evidence and setting up others to take the blame." *Id.* at 120. Cole was tried twice for this scheme. At the first trial, the jury acquitted him of conspiracy but hung on the substantive counts of securities fraud, false or misleading SEC filings, and improperly influencing the conduct of audits. *Id.* at 116.[2] At the second trial, the jury convicted Cole on each of these substantive counts. *Id.* On appeal, the Second Circuit vacated Cole's conviction solely on procedural double-jeopardy grounds. *Id.* at 131. The Court did not overturn on the merits, and the evidence of wrongdoing remains.

### B. Cole's Attempt to Convert a Procedural Ruling into Civil Indemnification

Following the Second Circuit's procedural vacatur, Cole initiated this Action seeking up to $25 million from Iconix, including indemnification for all not previously advanced costs associated with the trials and appeal, and, audaciously, additional sums for the case before this Court. He asserts four claims against Iconix: (1) breach of the Employment Agreement, Separation Agreement, and By-Laws, which Cole claims entitle him to indemnification (Count II); (2) breach of the Advancement Agreement (Count III); (3) breach of the implied covenant of good faith and fair dealing (Count IV); and (4) unjust enrichment (Count V). *See* Compl. ¶¶ 100–30.

Iconix's advancement of fees was governed by its By-Laws and Cole's undertakings, which require repayment if Cole acted in bad faith. *See* Compl. ¶ 53 (referencing By-Laws, Art. VII, § 2). Cole's history at Iconix is the definition of bad faith conduct. In fact, his conduct is part of a longstanding pattern of prior SEC violations, accounting improprieties, and allegations of insider trading and fiduciary breaches, all of which led to investigations and prosecutions of Cole, securities fraud litigation, disruption, costs, and harm to Iconix, both financial and reputational.

Cole now relies on the double jeopardy vacatur to support his claim for indemnification. But vacatur on double jeopardy grounds is not a reversal on the merits and does not bar civil findings of misconduct and bad faith that negate Cole's right to indemnification. *See Levy v. Senior Health Ins. Co.*, No. 18-cv-6658 (JSR), 2019 U.S. Dist. LEXIS 182885, at *23 (S.D.N.Y. Oct. 21, 2019) (explaining Levy's criminal acquittal "may be compatible with a finding that, by preponderance of evidence, Levy's conduct constituted fraud, gross negligence or willful misconduct" and thus bar indemnification).

---

[1] During this period, Iconix incurred additional fees defending Cole against a securities class action.

[2] After Cole's first trial, his counsel withdrew due to an "irretrievable breakdown in the attorney-client relationship." Order on Motion to Withdraw as Counsel, *United States v. Cole*, No. 1:19-cr-00869-ER at 2 (S.D.N.Y. Mar. 2, 2022), ECF No. 192.

### C. Cole Must Repay Advanced Amounts and Is Not Entitled to More from Iconix

Having received, undeservedly, millions in advanced defense costs, Cole now seeks *additional* funds arising from his same misconduct. Cole's claimed entitlement to such funds depends, in part, on whether his misconduct precludes indemnification. It does. And as that issue also impacts Iconix's right to recover monies already advanced to Cole, Iconix intends to pursue counterclaims seeking a declaration of Cole's bad faith and recovery of all advanced funds.

## II. Cole Has Failed to State a Valid Claim

***First***, Cole's unjust enrichment claim is time-barred. Cole alleges that Iconix "recoup[ed]" more than $7 million of his incentive-based compensation in 2016 (money to which Iconix was expressly entitled under the 2016 Separation Agreement). *See* Compl. ¶¶ 126–30. He sued nine years later, well beyond the three-year statute of limitations for monetary unjust enrichment. *See Cohen v. Dunne*, No. 15 Civ. 3155 (DAB), 2017 WL 4516820, at *4 (S.D.N.Y. Sept. 27, 2017) (dismissing untimely unjust enrichment claim under three-year statute of limitations).

***Second***, Cole fails to allege a breach of the Advancement Agreement. He pleads none of the required prerequisites: prompt notice, an executed undertaking, and cooperation with Iconix's participation rights. *See* Compl. ¶¶ 110–16 (referencing By-Laws Art. VII, § 2). And Cole's claim fails as a matter of law because he agreed to a $5 million cap that Iconix satisfied, which superseded prior obligations. *See Wyckoff v. Searle Holdings Inc.*, 111 A.D.3d 546, 546–47 (1st Dep't 2013) (finding court "properly denied plaintiffs' motion for advancement of legal fees and indemnification" given settlement agreement ended "preexisting obligations"); Compl. at ¶ 71.[3]

***Third***, Cole's damages theories fail. Cole seeks punitive damages, which "are not recoverable for an ordinary breach of contract." *Rocanova v. Equitable Life*, 83 N.Y.2d 603, 613 (1994) (dismissing claim for punitive damages). "[A] private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally." *Id.* Cole alleges nothing resembling the conduct required to support punitive damages, nor could he. Further, Cole seeks consequential damages but fails to plead "that the damages were foreseeable and within the contemplation of the parties at the time the contract was made." *Island Ordnance Sys., LLC v. Amerimex, Inc.*, 224 A.D.3d 821, 823 (2nd Dep't 2024) (holding consequential damages should have been dismissed). Iconix will challenge these damages and all claimed fees.

### Conclusion

Iconix respectfully requests a pre-motion conference on its motion to dismiss and related relief.

---

[3] Cole's "breach of the implied covenant of good faith and fair dealing claim [ ] is duplicative of [his] breach of contract claim" and suffers the same deficiencies. *See MBIA Ins. Co. v. GMAC Mortg. LLC*, 914 N.Y.S.2d 604, 611 (Sup. Ct. 2010) (dismissing duplicative claim); *see also Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 169 (S.D.N.Y. 2024) (same); *Compare* Compl. ¶¶ 117–23 *with* ¶¶ 100–16.

**MORRISON FOERSTER**

January 29, 2026
Page Four

Respectfully submitted,

/s/ Jamie A. Levitt
Jamie A. Levitt

*Attorney for Iconix International Inc.*