# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

January 29, 2026

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 18C
New York, NY 10007-1312

      Re: <u>Cole v. Iconix International Inc. et al.</u>, Case No. 1:25-cv-09357-MKV

Dear Judge Vyskocil:

      On behalf of our client, Defendant Seth Horowitz ("Horowitz"), and pursuant to Rule 4(A)(1) of this Court's Individual Rules of Practice in Civil Cases, we write to request a conference concerning Horowitz's planned filing of a Motion to Dismiss Plaintiff Neil Cole's ("Cole") Complaint for Failure to State Claim, pursuant to FRCP 12(b)(6). Cole does not consent to the granting of such a Motion.

      Cole's case is grounded on a fundamentally implausible theory: That Horowitz intentionally lied to law enforcement officers by inventing–and then pleading guilty to–a criminal securities fraud scheme Horowitz knew had <u>not occurred</u>, purportedly because Horowitz did not like his boss. Cole's suggestion that his partial acquittal in one of two criminal trials constitutes evidence Horowitz knowingly lied is also at odds with governing law and evidentiary standards; a criminal acquittal establishes <u>only</u> that the jury did not find the defendant guilty beyond a reasonable doubt and is <u>not</u> a finding that any witness made deliberate misstatements.

      Cole's malicious prosecution claim is also undermined by: (i) Cole's conviction of fraud in his second criminal trial, which–on Cole's <u>own</u> theory of the case–could <u>only</u> have occurred if the jury in that trial believed Horowitz to be truthful beyond a reasonable doubt; and (ii) Cole's indictment by a grand jury Horowitz did <u>not</u> testify before. Both the indictment and the conviction each independently establish presumptions of probable cause under New York Law, presumptions Cole–despite having access to a massive evidentiary record—has not made any allegations of fact to overcome.

      Finally, Cole's assertion Horowitz acted with "actual malice" is grounded in misleading accounts of the record.

      "The elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." <u>Morant v. City of New York</u>, 95 A.D.3d 612 (1st Dep't 2012). Cole fails to make colorable allegations supporting three of those independently requisite elements: Initiation, probable cause <u>and</u> malice.

      <u>Cole's theory of initiation and probable cause is defective on its face.</u> As Cole's counsel stated on appeal, Horowitz "pled guilty to the <u>very same</u> offenses with which Cole was charged." Cole Reply

2

App. Br., at 8;[1] accord id. ("it is inconceivable any juror would find a conspiracy but not believe Horowitz was part of it"); id. at 16 (Horowitz's testimony constituted "mea culpas" that "put Horowitz alongside Cole at the center of the alleged scheme").

Cole's Complaint is grounded on a contention Horowitz duped prosecutors into believing both he and Cole were criminals, and then pled guilty to a felony, despite knowing he and Cole were actually innocent. Cole's primary purported support for that nonsensical contention is that he was partially acquitted in the first of two criminal trials, during which Horowitz was among the witnesses.

Thus, Cole suggests the first verdict constituted a finding by the jury that Horowitz knowingly lied by implicating both himself and Cole in a non-existent fraud scheme, and thereby deliberately initiated felony indictments against both Horowitz himself and Cole.

An acquittal "does not" establish that that witness "fabricated evidence…. Much more is required." Aretakis v. Durivage, 2009 U.S. Dist. LEXIS 7781 (N.D.N.Y. 2009). Rather, the government's failure to obtain a criminal conviction solely establishes that the jury did not find guilt beyond a reasonable doubt, not that the jurors concluded that a witness knowingly and actually maliciously lied. And, contrary to Cole's misleading citations, the Second Circuit neither stated nor held that the jury made a finding that Horowitz knowingly lied.

Also, while Cole asserts that Horowitz was the sole significant witness against him, in fact, key elements of Horowitz's testimony were independently corroborated by two other witnesses, each employed by the firm that was the counterparty to the agreements at the heart of the government's case (the "GBG Witnesses"). As Cole stated in his own appeal, the "jury had to decide" whether it believed Horowitz and both GBG witnesses. Cole Opening App. Br.,[2] at 15. Under New York law, such corroborating testimony undermines a contention that a malicious prosecution defendant knowingly lied. Sibblies v. City of New York, 219 A.D.3d 403 (1st Dep't 2023).

Cole's probable cause and initiation allegations are undermined by two unrebutted presumptions. First, after a second criminal trial that "replicated the first in nearly every respect" (Cole Opening App, Br., at 17), a second jury found Cole guilty of securities fraud. Under New York law, a conviction gives rise to a presumption of probable cause, regardless of whether the judgement of conviction is subsequently reversed. Id.; Passucci v. Home Depot, Inc., 67 A.D.3d 1470 (4th Dep't 2010).

The governing presumption applies with special force here, given that Cole's second conviction was not reversed because of any evidentiary or other defect in the conduct of the second trial, but rather solely on double jeopardy grounds. As Cole's counsel acknowledged in his appellate briefs, the jurors could not have convicted Cole unless–after days of cross-examination by Cole's counsel—they believed Horowitz was truthful beyond a reasonable doubt.

Additionally, the Judge who presided over both of Cole's criminal trials made a factual finding in connection with Horowitz's sentencing that Horowitz was "truthful[], complete[] and reliab[le]", further undermining the plausibility of Cole's assertions.

---

[1] https://shapiroarato.com/wp-content/uploads/2025/10/Dkt.-37.1-Cole-Reply-Brief.pdf
[2] https://shapiroarato.com/wp-content/uploads/2025/10/Dkt.-30.1-Cole-Opening-Brief.pdf

3

Second, under New York law, a grand jury indictment also establishes a presumption of probable cause, even where–unlike here–there are colorable allegations a malicious prosecution defendant had previously lied to investigators. Savino v. City of New York, 331 F.3d 63 (2d Cir 2003).

Cole asserts that, "[o]n the basis of Horowitz's false reports…., Cole was indicted." Compl. ¶ 37. In fact, Horowitz did not testify before the grand jury, let alone purportedly lie before it. Both of the corroborating GBG Witnesses did, however, testify before the grand jury. Accordingly, the independent presumption of probable cause arising from the issuance of the indictment also applies with full force, and none of Cole's allegations of fact controvert it.

Cole's actual malice allegations are makeweight, and misleading.[3] Cole also fails to allege Horowitz had actual malice, as New York law requires. First, Cole asserts Horowitz drafted multiple unsent "letters" (Compl. ¶ 18) purportedly evincing "deep-seated hatred for Cole" (Compl. ¶ 19) that supposedly compelled Horowitz to invent (and then plead guilty to) a non-existent fraud scheme and thereafter commit perjury in two trials, thereby placing himself at additional criminal peril.

There was, in fact, only one such unsent document, which Cole repeatedly (and misleadingly) quotes and paraphrases, implying that his citations come from multiple letters. Furthermore, Cole fails to disclose the date of the single unsent document. It was written in June 2012, years before Horowitz made his purportedly false admissions of criminal culpability to the government.

While the single such document contains criticisms of Cole's management style, it hardly expresses a "deep-seated" hatred that could plausibly have so "overwhelm[ed]" Horowitz as to lead him to invent and plead guilty to a fake crime years later.

Second, Cole also grounds his claim on a handwritten note he asserts proves Horowitz had a compulsion to engage in "knowingly wrong" conduct. But the document Cole relies on was written months after Horowitz left Iconix and did not call the truthfulness of Horowitz's testimony into question. The criminal trial court twice found the document to be irrelevant, and barred Cole from using it for impeachment.

Finally, Cole argues that, because Horowitz made several cash withdrawals, none of which Cole even claims had anything to do with the subject matter of the case, he must have made up a criminal securities fraud. Cole's counsel did not even present this makeweight evidence during the second criminal trial.[4]

For all of the reasons stated herein, Mr. Horowitz respectfully requests a conference regarding his planned Motion to Dismiss Cole's Complaint.

Respectfully submitted,
/s/
David R. Lurie

---

[3] The absence of probable cause can establish an inference of malice for pleading purposes; but as explained, Cole fails to allege that absence of such cause.

[4] The Complaint's other selectively quoted, or paraphrased, snippets proffered in putative support of Cole's malice theory are even more makeweight.