# BLOCH & WHITE LLP

90 BROAD STREET, SUITE 703
NEW YORK, NEW YORK 10004
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (212) 901-3820
DIRECT E-MAIL: BWHITE@BLOCHWHITE.COM

February 3, 2026

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007

Re:    *Cole v. Iconix International Inc., et al.*, No. 25-cv-09357

Dear Judge Vyskocil:

We write pursuant to Rule 4(A) of Your Honor's Individual Rules in response to Defendant Seth Horowitz's request for a pre-motion conference concerning a contemplated motion to dismiss the malicious prosecution claim against him.  We preview below why Horowitz's arguments will each fail.

## I.    Relevant Allegations

Plaintiff Neil Cole served as the CEO of Iconix International Inc. ("Iconix"), the Company he founded and turned into a multi-billion empire. In 2012, Cole hired Horowitz and, in April 2024, promoted him to Chief Operating Officer. Cole initially viewed Horowitz as his protégé and successor. Horowitz, however, developed an unjustified resentment towards Cole over perceived slights that Cole had rebuffed his efforts to lead Iconix. Horowitz became increasingly resentful after Cole told him that he was not ready to give up his position as President of Iconix.

In 2014, Horowitz led and negotiated two joint venture deals for Iconix with an overseas counterparty ("GBG"), known as SEA-2 and SEA-3. Years later, when these deals came under regulatory scrutiny, Horowitz became nervous that he would be held accountable for certain terms he had negotiated.  To try to protect himself and to harm Cole, he knowingly and falsely implicated Cole in wrongdoing in connection with those transactions. Specifically, Horowitz told investigators, law enforcement, and prosecutors that Cole had conspired with GBG to enter into unwritten side deals that he kept secret from Iconix and its auditors. He also reported that Cole had destroyed documents and ordered Horowitz to do the same to avoid getting caught for the secret side deals and thereby obstructed justice. These allegations were knowingly false. Nevertheless, on the basis of these false reports, Cole was indicted and subject to a federal criminal prosecution for conspiracy to commit securities fraud, securities fraud, and obstruction of justice. Horowitz pled guilty to related charges.

At trial, Horowitz was the Government's key witness against Cole and the only one to testify to the fact that Cole had engineered secret side deals on SEA-2 and SEA-3. In the first trial, the jury acquitted Cole of the top charge of conspiracy and for obstruction of justice but was hung on the other counts. The Government unconstitutionally retried Cole in violation of the Double Jeopardy Clause. While the second trial resulted in a conviction, the Second Circuit unanimously vacated the conviction and the indictment was subsequently dismissed.

1

## II.    Horowitz's Contemplated Motion to Dismiss

None of Horowitz's arguments for pleadings stage dismissal have merit.

"To establish a malicious prosecution claim under New York law, a plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice[.]" *Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cir. 2010). Cole has more than sufficiently alleged these elements. Horowitz's previewed Rule 12(b)(6) arguments either ignore the law or the well-pled facts in the Complaint.

**Initiation or Continuation of a Proceeding.** Horowitz first argues that Cole's theory is "implausible" because, he contends, it makes no sense that Horowitz would plead guilty to a crime that he did not think happened. But that argument is confused, primarily because it ignores an obvious (and "plausible") possibility: that Horowitz committed a crime but Cole did not—*e.g.*, that Horowitz negotiated secret side deals but Cole did not know about or participate in them.

Horowitz next argues that Cole's acquittal and the vacatur of his conviction do not "establish" that Horowitz lied or fabricated evidence. That's true enough—indeed, Cole did not plead and will not argue that the Second Circuit's decision "establishes" anything as to Horowitz as a matter of law. Rather, Cole has pled the initiation or continuation prong through well-pled allegations that Horowitz made knowingly false reports to investigators, law enforcement, and prosecutors about Cole's conduct. *See* Compl. ¶¶ 30–34. (That said, the Second Circuit's decision—and its unusually strong language about the first jury's views of Horowitz's testimony—is a strong confirmation of the plausibility of Cole's allegations.)

Finally, Horowitz argues for a pleadings-stage dismissal on the ground that "key elements of Horowitz's testimony were independently corroborated by two other witnesses." But that is directly contrary to the allegations in the Complaint. *See* Compl. ¶ 39 (alleging that Horowitz was "the *only* witness to testify to the fact that Cole had supposedly engineered secret side deals on SEA-2 and SEA-3"). Horowitz is free to proceed with a defense in this litigation that his reports to law enforcement of Cole's supposed misconduct were not the legal cause of the criminal proceedings against Cole because there were two other witnesses that testified. *But see Cole*, 158 F.4th at 1119 ("Horowitz, indicted as Cole's co-conspirator, was indisputably the government's key witness"); *id.* at 122 ("Horowitz remained at center stage"). He will also of course be free to argue to the jury in this case that he told the truth about the GBG side deals and that it is Cole that is lying. What he cannot do, however, is ask this Court to accept *his* version of the facts at this early stage and then, on the basis of those facts, dismiss the case at its outset. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.") (citation and internal question marks omitted).  Indeed, Horowitz seems to recognize this principle by relying in his letter principally on a summary judgment decision: *Sibblies v. City of New York*, 219 A.D.3d 403, 405 (1st Dep't 2023).

**Favorable Termination**.  There can be no dispute that this element was met in light of Cole's acquittal and the dismissal of the indictment against him with no extant conviction.

**Lack of Probable Cause**.  Horowitz contends that Cole cannot plead probable cause because Cole's overturned conviction and grand jury indictment themselves establish probable cause. But that's simply not the law. Although a grand jury indictment may lead to a *presumption* of probable cause, that presumption is overcome by showing things like "fraud, perjury, the

suppression of evidence or other . . . conduct undertaken in bad faith." *Colon v City of New York*, 60 N.Y. 2d 78, 83 (1983).  That is precisely what Cole alleges.  *See* Compl. ¶¶ 30–34.

Horowitz then argues that no malicious prosecution claim may lie because he did not testify at the grand jury. But there is no law saying a malicious prosecution claim *requires* the defendant to have testified in the grand jury. To the contrary, grand jury testimony on its own is immune from malicious prosecution suits, meaning that malicious prosecution plaintiffs *always* must rely on facts outside the grand jury. *See De Lourdes Torres v. Jones*, 26 N.Y.3d 742 (2016); *see also Sankar v. City of New York*, 2012 WL 2923236, at *3 (E.D.N.Y. July 18, 2012) ("Ostrowski's testifying at the grand jury *was but one additional step* this officer took in his effort to push the case against plaintiff forward.") In any event, just because Horowitz may not have *testified* at the grand jury, does not mean the *false evidence* he gave to law enforcement was not presented to the grand jury. *See generally United States v. Garcia*, 413 F.3d 201, 213 (2d Cir. 2005) ("It is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury"); *United States v. Maxwell*, 794 F. Supp.3d 215, n.14 (2d Cir. 2025) ("noting the common grand jury practice . . . of a single agent simply summarizing an investigation by others" (quotation marks omitted)).

Finally, without citing any law, Horowitz avers that the presumption of probable cause "applies with special force" because Cole's conviction was reversed "solely on double jeopardy grounds." But that contention fundamentally misunderstands the core premise of the Double Jeopardy Clause, which is that when the Government gets a second bite at the apple, it obtains an *unfair advantage* in that second trial, meaning the very results of it are untrustworthy:

> The underlying idea [of the Double Jeopardy Clause], one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, ***as well as enhancing the possibility that even though innocent he may be found guilty***.

*Green v. United States*, 355 U.S. 184 (1957).  Indeed, that is *precisely* what happened here, as the Second Circuit effectively recognized.  *See Cole*, 158 F.4th at 122 ("the government fine-tuned [its] presentation[] based on lessons learned at the first trial").

**Malice.**  Finally, Horowitz contends that Cole has not sufficiently pled malice. But the absence of probable cause "generally creates an inference of malice." *Gibson v. Grant*, 2024 WL 1077892, at *11 (E.D.N.Y. Jan. 31, 2024), *report and recommendation adopted*, 2024 WL 1072566 (E.D.N.Y. Mar. 11, 2024) (quotation marks omitted). Regardless, "malice need not be actual spite or hatred; malice means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Id.* (quotation marks omitted). And the Complaint sufficiently alleges a "collateral objective" indicative of malice, *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 296 (S.D.N.Y. 2001), inasmuch as the Complaint alleges Horowitz's deep-seated resentment of Cole and desire to protect himself.

*    *    *

For the foregoing reasons (and others), Horowitz's anticipated motion to dismiss will not succeed.

3

Respectfully submitted,

Benjamin D. White

BLOCH & WHITE LLP
Benjamin D. White, Esq.
Kyle Bigley, Esq.
90 Broad Street, Suite 703
New York, New York 10004
(212) 901-3820
bwhite@blochwhite.com
kbigley@blochwhite.com