**BLOCH & WHITE LLP**

90 BROAD STREET, SUITE 703
NEW YORK, NEW YORK 10004
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (212) 901-3820
DIRECT E-MAIL: BWHITE@BLOCHWHITE.COM

February 3, 2026

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Judge, Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007

      Re:    *Cole v. Iconix International Inc., et al.*, No. 25-cv-09357

Dear Judge Vyskocil:

      We write pursuant to Rule 4(A) of Your Honor's Individual Rules in response to Defendant Iconix International Inc.'s ("Iconix") request for a pre-motion conference concerning a contemplated partial motion to dismiss. Iconix previews a motion to dismiss Counts III, IV, and V of Cole's complaint and certain of Cole's damages theories. We preview below why Iconix's arguments will each fail. Iconix also elected to preview a counterclaim it is apparently contemplating that would seek recoupment of millions of dollars it advanced to Cole to defend himself in criminal proceedings. But Iconix was unambiguously required to indemnify Cole for those costs, especially after the sweeping dismissal of all criminal charges against him. We thus briefly explain how Iconix's proposed counterclaim would truly be frivolous and is just the latest example of Iconix's decade-long harassment of Cole.

**I.**     **Relevant Allegations**

      While serving as the CEO of Iconix, the Company he founded and turned into a multi-billion empire, Cole was falsely accused of securities fraud in connection with certain overseas deals. Iconix quickly turned on Cole and endeavored to protect itself financially. It elected to recoup millions of dollars of his incentive-based compensation and refused to assist him when the government began investigating. The false accusations led to criminal proceedings against Cole. As relevant here, these proceedings required significant costs (principally, attorney's fees). Pursuant to the Indemnification provision of Iconix's By-Laws, Iconix was required to pay for and advance those costs. For more than a year and a half, Iconix did so. Then, on the eve of Cole's criminal trial, and without justification, Iconix abruptly stopped paying, forcing Cole to sue Iconix. His suit quickly succeeded. The Court concluded that "this is a case where a preliminary injunction must be granted," given that Cole has a "clear, contractual right to advancement." Iconix at first complied and continued making its advancement payments. In the criminal trial, Cole was acquitted on the top and another charge, with the jury hung on other charges.

      In violation of the Double Jeopardy clause, the Government retried Cole. Iconix then again attempted to unlawfully stop advancing Cole's legal fees (despite the Court order requiring it to do so). It represented it would make no more advance payments to Cole if he continued with his counsel of choice (a threat it had no right to make). So, against his will, Cole secured new counsel just before his re-trial. As to the fees for the re-trial, Cole and Iconix entered into a separate agreement, dated June 7, 2022 (the "Advancement Agreement"). They agreed to a capped amount of $5 million for the second trial, to be paid in eight installments. The cap did not apply to any fees beyond those incurred during the second trial, such as legal fees "for any post-trial work, including

1

appeal, retrial, remand or any other potential post-trial work." The Advancement Agreement contained no "prerequisites" to a lawsuit, such as notice, undertaking, or cooperation rights. Iconix made only 5 of the 8 required payments pursuant to the Advancement Agreement and no other payments beyond that. Cole was convicted at the second trial but he successfully appealed (at his own expense), and his conviction was unanimously vacated. The Government did not appeal and the indictment was dismissed.

## II.     Iconix's Contemplated Partial Motion to Dismiss

None of Iconix's arguments for a pleading stage dismissal under Rule 12(b)(6) have merit.

**Count III (Breach of the Advancement Agreement).**  Iconix, relying on its By-Laws, argues that Cole did not plead compliance with any "required prerequisites." But the Advancement Agreement is separate from the By-Laws and it has no "required prerequisites." Iconix then argues that it "satisfied" its obligations to pay the $5 million required by the Advancement Agreement. But it did not, as Cole unambiguously pled. *See* Compl. ¶ 73. Nor does the Advancement Agreement say anything about it "supersed[ing] prior obligations." And even if it did, it would be irrelevant: Count III does not seek to recover any costs that Cole incurred prior to the execution of the Advancement Agreement.

**Count IV (Breach of Implied Covenant).**  Cole's implied covenant claim is not subject to dismissal as duplicative of his breach of contract claims. One, it addresses conduct separate from indemnification (*e.g.*, other efforts to frustrate Cole's defense). Two, parties can plead a breach of the implied covenant as an alternative theory of liability.

**Count V (Unjust Enrichment).**  Cole's unjust enrichment claim concerning recoupment of his incentive-based compensation is not time-barred. A tort claim accrues "when *all* elements of the tort can be truthfully alleged in a complaint." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 140 (2009) (emphasis added). The third element of an unjust enrichment claim is that the enrichment is "against equity and good conscience," and the Complaint alleges that it became against equity and good conscience for Iconix to retain the funds it recouped from Cole after his conviction was overturned in October 2025. *See* Compl. ¶ 130.

**Punitive and Consequential Damages.**  For punitive damages, Cole need not show a pattern of similar conduct "directed at the public generally." *See Hobish v. AXA Equitable Life Ins. Co.*, 43 N.Y. 3d 442, 453 (2025) (punitives available on contract claim "where 'the fraud, aimed at the public generally, is gross and involves high moral culpability,' *or* when it 'envice[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations'") (emphasis added). In any event, Iconix's alleged conduct did amount to "public harm"—it involved, among other things, a public company's intentional violation of a court order and improper interference in a criminal prosecution for selfish ends.  All of Cole's damages were foreseeable to Iconix and thus consequential damages are available.

## III.    Iconix's Previewed Counterclaims Are Frivolous and Harassing

For some reason, Iconix elected to preview in its letter an apparent counterclaim it intends to bring seeking recoupment of *all* of the funds it advanced to Cole. Its apparent theory is that Cole is not entitled to indemnification because Iconix—in its own subjective view—believes that Cole acted in "bad faith."  This argument is truly frivolous.  *See* N.Y. Rules of Pro. Conduct R 3.1.

Iconix premises this supposed claim on the following supposition: "Under the agreements governing his indemnification rights, that advancement is subject to recoupment if Cole's actions constituted bad faith." That is simply false. There is no exception to indemnification in the By-Laws (or elsewhere) simply upon Iconix's assessment that Cole acted in "bad faith." Such a

2

toothless indemnification provision would be worthless (and unheard of as to corporate officers of public companies). Rather, the relevant language is strict, objective, and clear: Iconix is only exempted from its indemnification obligation upon an adverse "judgment or other final adjudication" that "establishes" Cole's misconduct.  The relevant language is as follows:

> No indemnification shall be made to or on behalf of any Indemnities ***if a judgment or other final adjudication*** adverse to him or her establishes that such Indemnities acts were committed in bad faith.

As Iconix knows, there has been no judgment or other final adjudication against Cole *at all*, let alone an adverse one that *establishes* that he did anything in bad faith. Rather, the only relevant "judgment" or "final adjudication" is in *his* favor: the dismissal of the indictment. There can be no question that Iconix is not entitled to recoup the costs it advanced to Mr. Cole.

To be clear, Iconix has recognized this obvious reality for years. *First*, it made advance payments to Cole for nearly a year and a half (2020-21), despite having already concluded its "internal investigation" into him. *Second*, when it forced Cole to sue to enforce its advancement obligation, Iconix recognized the need for a "judgment or other final adjudication" and made *no* argument against advancement on the ground it suggests now (*i.e.*, that it can refuse on its own "bad faith" determination). *Finally*, yet most tellingly, Iconix expressly (and correctly) recognized to Cole as his appeal was pending that it would only be entitled to recoupment if Cole lost his appeal (which he did not). Specifically, on September 20, 2023, nearly a year after Cole's unconstitutional conviction, Iconix sent a threatening letter to Cole's counsel, almost gleefully making clear that it would come after Cole—and his "family members"—for the $25 million in fees that it had advanced.[1] In that letter, however, Iconix acknowledged without ambiguity (and correctly) that its right to recoupment of those funds depended on Cole ***losing*** his appeal:

> As Mr. Cole's sentencing hearing scheduled for October 11, 2023 approaches, he has yet to refund Iconix of any of the defense costs it advanced on his behalf.  Mr. Cole apparently is relying on the pending appeal of his conviction to avoid paying back Iconix; ***however, by all accounts, his chances of overturning his conviction are miniscule***.  Yet he still refuses to refund the money, or any portion thereof, to Iconix pursuant to the terms of the Undertakings he signed. . . .
>
> ***In the likely event that Mr. Cole's conviction is upheld on appeal, Iconix intends to take all appropriate steps to recover its $25 million+ from him***.

Although Iconix was dead wrong about one thing—the prospects of Cole's appeal—it was certainly correct about another: the vacatur of Cole's conviction and the dismissal of the indictment against him precludes Iconix's effort to recoup any costs it advanced to him.  Iconix's latest effort to threaten Cole with millions of dollars of liability despite the unequivocal, sweeping, and unanimous vacatur of his conviction and dismissal of his indictment by the Second Circuit, is just the latest attempt by Iconix to threaten and harass Cole.

*   *   *

For the foregoing reasons (and others), Iconix's anticipated motion to dismiss will not succeed.

---

[1] Iconix's two-page letter referenced Cole's "family members" ***seven times***.

Respectfully submitted,

Benjamin D. White

BLOCH & WHITE LLP
Benjamin D. White, Esq.
Kyle Bigley, Esq.
90 Broad Street, Suite 703
New York, New York 10004
(212) 901-3820
bwhite@blochwhite.com
kbigley@blochwhite.com