UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

                        :

                        :   Index No. 1:25-cv-09357-MKV

 NEIL COLE,               :

                        :   Oral Argument Requested

             Plaintiff,     :

v.                       :

                        :

ICONIX INTERNATIONAL INC. f/k/a/   :
ICONIX BRAND GROUP, INC., and   :
SETH HOROWITZ,           :

                        :

            Defendants.    :

                        :

                        :

------------------------------------ x

## DEFENDANT SETH HOROWITZ'S REPLY
## MEMORANDUM OF LAW IN SUPPOFT OF HIS
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT


LAW OFFICE OF DAVID R. LURIE, PLLC

194 President Street
Brooklyn, NY 11231
347-651-0194

*Attorneys for Defendant Seth Horowitz*

Table of Contents

Table of Authorities ................................................................................................ i

Argument ...............................................................................................................1

I.    Cole's initiation allegations are implausible and threadbare .......................... 1

II.   The undisputed facts establish multiple independent
      bases for presuming probable cause that Cole cannot rebut .......................... 3

      A. Cole's second trial conviction established a presumption of
         probable cause.......................................................................................4

      B. The Judicial fact findings of Horowitz's truthfulness (and
         Cole's untruthfulness) established a presumption of probable
         cause. ................................................................................................. 4

      C. The GBG witnesses' corroboration established a presumption
         of probable cause. ................................................................................. 6

      D. The grand jury's indictment of Cole established a presumption
         of probable cause. ................................................................................. 7

III.  Cole's makeweight "malice in fact" allegations are irrational and
      threadbare. ................................................................................................. 8

IV.   Cole fails to allege that Horowitz overcame the volition of federal
      prosecutors ................................................................................................. 9

Conclusion……………………….. ................................................................................ 10

Table of Authorities

Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009).................................................................................... 1

Colon v. City of New York, 60 N.Y.2d 78 (1983)…………………………………………. 1, 4, 5

Dantas v. Citigroup, 779 F. App'x 16 (2d Cir. 2019)................................................................ 1, 10

Goddard v. Daly, 295 A.D.2d 314 (2nd Dep't 2002) .................................................................... 4

Gull Keys I LLC v. Fulton Advisory Beef Fund I, LLC, No. 1:23-cv-09058-MKV, 2025 U.S.
    Dist. LEXIS 169799 (S.D.N.Y. Sept. 2, 2025) ............................................................... 5

Paro Mgmt. Co. v. Willis of New Jersey, Inc., No. 1:24-cv-4885 (MKV),
    2025 U.S. Dist. LEXIS 57884 (S.D.N.Y. March 27, 2025)....................................................... 3

Passucci v. Home Depot, Inc., 67 A.D.3d 1470 (4th Dep't 2009) ................................................... 4

Robinson v. Concentra Health Servs., 781 F.3d 42 (2nd Cir. 201)…………………………........5

Sibblies v. City of New York, 219 A.D.3d 403 (1st Dep't 2023).................................................... 4

United States v. Cole, 158 F.4th 113 (2d Cir. 2025). ............................................................. passim

Defendant Seth Horowitz submits this Reply Memorandum of Law in further support of his motion to dismiss the Amended Complaint, as against Horowitz.[1]

<u>Argument</u>

A complaint must contain more than threadbare allegations and speculation, particularly a pleading  that is grounded on a contention the defendant acted "irrationally," like Cole's. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). But speculation, and distortion of a record that is incorporated into his Complaint, is all Cole proffers.

I.      <u>Cole's initiation allegations are implausible and threadbare</u>

Cole contends Horowitz initiated, and continued, the DOJ's criminal case against Cole by (i) "fraudulently" or "perjuriously"[2] confessing, and then pleading guilty, to a fictional fraud scheme involving Cole <u>and</u> himself; and (ii) overcoming the "volition,"[3] of a team of FBI agents and federal prosecutors by duping them into obtaining an indictment against Cole, and then trying him twice, all while keeping each of the experienced law enforcement officers in the dark about the purported absence of probable cause to bring the case. To call this theory of liability implausible is an understatement.

<u>First</u>, Cole contends Horowitz chose to invent, and plead guilty to, a fictional criminal scheme because of a purportedly "deep-seated and mostly irrational resentment and anger towards Cole." Cole Opp. Mem. at 23. But despite having access to a plethora of evidence, and after two trials during which two teams of skilled criminal defense lawyers did everything

---

[1] Unless otherwise indicated, initially capitalized terms employed herein are intended to have the definitions set forth in Horowitz's Opening Memorandum and in the Amended Complaint.
[2] <u>See Colon v. City of New York</u>, 60 N.Y.2d 78, 82-83 (1983).
[3] <u>See Dantas v. Citigroup</u>, 779 F. App'x 16, 23 (2d Cir. 2019) (summary order).

possible to call into question Horowitz's credibility, Cole offers only makeweight allegations to support his avowedly "irrational" contentions. See Horowitz Opening Mem. Point III.

Cole's "irrationality" allegations are not only meager, but also misleading: Cole: (i) distorts documentary evidence, including by falsely asserting Horowitz drafted multiple letters proclaiming his hatred of Cole; and (ii) misstates trial testimony, including by falsely claiming Horowitz admitted to purchasing massive quantities of illegal drugs, when he actually purchased some marijuana for personal use. Cole also, belatedly, acknowledges a handwritten note on which Cole grounds his contention that Horowitz knowingly lied was twice rejected as irrelevant by Judge Ramos, because it fails to meaningfully impeach Horowitz's veracity. See Point III, infra.

Second, Cole asserts Horowitz acted to "protect" himself, but fails to explain how inventing, and then pleading guilty to, a purportedly fictional set of felonies could have "protected" Horowitz.

Cole speculates Horowitz "may well have committed" a separate criminal scheme with GBG that Cole was uninvolved in. Cole Opp. Mem. at 14. But Cole cannot point to a single allegation of fact in his Amended Complaint to support his speculation. Cole made no such allegations because there is no basis for them. As we have explained, and the Second Circuit's opinion makes clear, there is nothing in the voluminous documentary and testimonial record supporting such a "possibility[]."Horowitz Opening Mem. at 10. Furthermore, as we have also explained, Cole's current rank speculation about the "possibility" of such a crime is at odds with Cole's own trial testimony. Id. at 11.

2

Third, faced with the absence of factual allegations to sustain his irrational theory of initiation, Cole has proffered a new, and equally meritless, contention: That the Second Circuit made findings of fact supporting his contention that Horowitz is a perjurer in connection with its Double Jeopardy holding.

According to Cole, the Second Circuit "earnestly believed that Horowitz was not telling the truth." Cole Opp. Mem. at 14. That is simply false. The Second Circuit did not make a finding that Horowitz engaged in "fraud, perjury" or their equivalent, as required to sustain Cole's claim herein; indeed, the issue of Horowitz's state of mind and intent was not before the appellate court.

Finally, Cole points to his own assertion on the stand that Horowitz was untruthful. It is, however, settled law that a malicious prosecution plaintiff's testimony is never alone sufficient to establish probable cause. Cole contends the caselaw allows such a plaintiff's testimony to be considered if she also alleges other cognizable facts colorably establishing the malicious prosecution defendant knowingly lied. Cole, however, fails to allege such facts.

Cole suggests he may later be able to adduce evidence supporting his contention that Horowitz is a perjurer. But such speculation cannot sustain a complaint against a motion to dismiss, let alone a fundamentally implausible complaint like Cole's. See Paro Mgmt. Co. v. Willis of New Jersey, Inc., No. 1:24-cv-4885 (MKV), 2025 U.S. Dist. LEXIS 57884 (S.D.N.Y. March 27, 2025).

II.    The undisputed facts establish multiple independent bases for presuming probable cause that Cole cannot rebut

Cole offers defective arguments against each of the four, independent, bases for presuming probable cause that appear on the face of his Complaint and the materials

3

incorporated therein. Each of these presumptions is independently fatal to the Complaint, given that Cole also fails to allege that Horowitz procured the Department of Justice's indictment through "fraud, perjury, the suppression of evidence or other … conduct undertaken in bad faith," as New York law requires to overcome a presumption of probable cause. Colon, 60 N.Y.2d at 82-83.

A. Cole's second trial conviction established a presumption of probable cause.

As the First, Second and Fourth Departments have held, a criminal conviction establishes a presumption of probable cause, regardless of whether it is reversed on appeal. Sibblies v. City of New York, 219 A.D.3d 403, 404-05 (1st Dep't 2023); Passucci v. Home Depot, Inc., 67 A.D.3d 1470, 1471 (4th Dep't 2009); Goddard v. Daly, 295 A.D.2d 314, 315 (2nd Dep't 2002). Cole asserts that, because the reversal of a federal criminal conviction renders the verdict ineffective for criminal law purposes, the foregoing substantive rule of New York law applicable to the civil tort of malicious prosecution at issue herein can be disregarded by this Court. Cole is wrong.

B. The Judicial fact findings of Horowitz's truthfulness (and Cole's untruthfulness) established a presumption of probable cause.

Judge Ramos (who presided over both of Cole's criminal trials) made the following findings of fact in connection with Cole's sentencing: (i) Cole committed perjury, and (ii) Horowitz was truthful. Such findings, at a minimum, give rise to a presumption that the indictment of Cole was supported by probable cause.

Cole offers two equally meritless arguments for barring this Court from recognizing the existence of Ramos' damning (for him) findings:

4

First, Cole asserts this Court should not recognize a presumption of probable cause arising from Judge's Ramos's findings that Cole committed perjury because there is no caselaw directly on point. That, however, is almost certainly only because no former criminal defendant has had the audacity to bring a malicious prosecution case after a judge found them to be a perjurer. Furthermore, the New York Court of Appeals' holding in Colon that a grand jury's vote to issue an indictment -- which is not even a finding of culpability – establishes a presumption of probable cause leads, *a fortiori*, to the conclusion that a judicial finding of perjury by a malicious prosecution plaintiff, at a minimum, gives rise to the same presumption.

Second, Cole suggests, without authority, this Court cannot recognize the existence of Judge Ramos's findings under the incorporation by reference rule. He is wrong.

Judge Ramos' findings were included in the record on appeal that Cole presented to the Second Circuit, and that the appellate court repeatedly cited, and relied upon, in the decision on which Cole grounds his purported malicious prosecution claim. Accordingly, like the appellate opinion, the trial court record (including Judge Ramos' findings) are incorporated by reference into Cole's Complaint under the law of this Circuit. See Gull Keys I LLC v. Fulton Advisory Beef Fund I, LLC, No. 1:23-cv-09058-MKV, 2025 U.S. Dist. LEXIS 169799, at *8 (S.D.N.Y. Sept. 2, 2025).

Additionally, in their briefing in support of Cole's ultimately successful appeal, Cole's appellate counsel quoted, and expressly relied on, the very sentencing findings by Judge Ramos

Cole now says this Court cannot recognize. Accordingly, Cole is judicially estopped from his current position. See Robinson v. Concentra Health Servs., 781 F.3d 42, 45-46 (2nd Cir. 2015).[4]

    C.  The GBG witnesses' corroboration established a presumption of probable cause.

The two GBG witnesses were at the "center stage" of the government's case against Cole (158 F. 4th at 122), as the Second Circuit explained, and as Cole's appellate counsel acknowledged. The GBG Witnesses corroborated three of the factual pillars of the government's case against Cole by testifying that: (i) Cole entered into undocumented side deals, including through GBG's Rabin, who testified that he made "firm" oral agreements with Cole respecting the SEA-2 and SEA-3 transactions; (ii) GBG would not have executed the written agreements for the foregoing transactions without Cole's oral commitments to provide millions of dollars in reimbursements and credits; and (iii) Cole actually provided millions of dollars in cash payments to GBG pursuant to the undocumented oral agreements with GBG. Horowitz Opening Mem. at 13-17.

Under settled New York law, such corroboration gives rise to a presumption of probable cause as a matter of law; and each of Cole's makeweight arguments for setting aside that presumption fails:

First, Cole contends that the presumption only applies where the malicious prosecution defendant is a police officer. Cole, however, offers no authority for this contention, which is

---

[4] In light of the foregoing, this Court need not address whether it can also take judicial notice of the sentencing proceedings. But the precedents Cole cites acknowledge that the existence of judicial orders can be the subject of judicial notice, and Horowitz is simply asking that the Court take notice of the existence of Judge Ramos's findings, not that it adopt them as binding, as Cole misleadingly suggests.

nonsensical, given that New York law places a greater, not a lesser, burden on a plaintiff suing a private citizen for malicious prosecution. See Point III, infra.

Second, Cole asserts that the existence of corroborating testimony cannot be recognized by this Court at the motion to dismiss stage. Cole again offers no support for his contention, which is nonsensical. Where, as here, corroborating testimony is set forth in trial records that are incorporated by reference into the plaintiff's complaint, and recounted in an appellate decision on which the plaintiff relies, they are deemed to be incorporated by reference into the plaintiff's pleading under the law of this Circuit. See Gull Keys I LLC, supra.

Finally, Cole contends the GBG Witnesses' corroboration came too late, because they testified at trial, after the grand jury issued its indictment, But the GBG witnesses also testified before the grand jury which issued the indictment (while Horowitz did not). In any event, Cole's contention that a presumption of probable cause cannot derive from trial testimony in a malicious prosecution case is at direct odds with the settled rule that a trial conviction gives rise to such a presumption.

D.   The grand jury's indictment of Cole established a presumption of probable cause.

Finally, the grand jury's indictment of Cole established a presumption of probable cause, as the New York Court of Appeals has held. Once again, Cole's arguments for ignoring this settled rule of New York law are unavailing.

Cole contends that the grand jury indictment should be ignored "because his claim necessarily does not depend on what happened in the grand jury." Cole Opp. Mem. at 21. But the issue is not whether the grand jury's indictment – and thus its finding of probable cause -- is part of Cole's claim, but rather whether it obviates his claim, as a matter of law.

7

Cole also, confusingly, tries to take Horowitz to task for pointing out the FBI's notes of the DOJ's interviews of Horowitz provide no basis to call into question his veracity, despite the fact that Cole, in his counsel's earlier letter to this Court, speculated that those notes – or their substantive equivalent -- were read to the grand jury, and baselessly suggested that they contained knowing falsehoods.

*   *   *

As demonstrated in our Opening Memorandum, and in Points I and III hereof, Cole does not make any substantial allegations of fact supporting his contention that Horowitz engaged in perjury or its equivalent, as required to rebut each of the foregoing presumptions.

III.    Cole's makeweight "malice in fact" allegations are irrational and threadbare

Cole's purported "malice" allegations also constitute the (exceedingly weak) foundation for his assertions that: (i) Horowitz "initiated" the government's criminal case; and (ii) there was no probable cause for the indictment, both of which Cole must adequately allege to sustain his malicious prosecution claim. Cole contends Horowitz had such a "deep-seated and mostly irrational resentment and anger towards Cole" that he was willing to go to jail for a fictional crime by knowingly lying to the government. But the three allegations that purportedly support this  irrational contention are each defective.

First, Cole persists in, falsely, contending Horowitz drafted multiple letters demonstrating his purported "irrational hatred" for Cole. But Cole cites only a single email that was drafted years before any of the events at issue, and that Horowitz never sent. Furthermore, the unsent email (which we have presented in full to the Court) expresses no "deep seated hatred" of Cole, let alone hatred of an "irrational" variety. Rather than evincing that Horowitz had a motive to

8

invent and plead guilty to a non-existent crime years later, it merely expresses the kind of strong disagreement that business colleagues often share with one another during a time of stress.

Second, Cole belatedly acknowledges that the second of the two items grounding his contention that Horowitz committed perjury or its equivalent out of "irrational hatred" -- a snippet from a handwritten note Horowitz wrote well after the events at issue -- was kept from the jury during both of Cole's criminal trials because Judge Ramos ruled that the note did not meaningfully call into question Horowitz's truthfulness as a witness.

Cole also contends it is insignificant that the note was written after the relevant events; yet that is among the reasons Judge Ramos gave for refusing to allow the document to be presented to the jury, stating that the note was "out of context, temporally" and more likely to confuse the jury than to meaningfully call into question Horowitz's veracity. Furthermore, the note, which does not reference Cole in any relevant respect, does nothing to support Cole's contention that Horowitz bore an "irrational hatred" of him.

Finally, Cole scrapes the bottom of the barrel by asserting that wholly legal withdrawals Horowitz made from his bank account could somehow prove he is a perjurer. In purported support of this contention, Cole now suggests that Horowitz used most or all of the money he withdrew to "purchase drugs." Cole Opp. Mem. at 25. In fact, Horowitz testified that he used some, presumably small, portion of the funds at issue to purchase marijuana for personal use; that neither establishes that Horowitz had a deep-seated hatred of Cole nor that he was a knowingly  untruthful witness.

IV.    Cole fails to allege that Horowitz overcame the volition of federal prosecutors

9

A malicious prosecution plaintiff suing a non-governmental witness must plead and prove that the defendant overcame the "volition" of the prosecutors, who are presumed to exercise their own independent judgment when bringing and prosecuting criminal charges. See Dantas, 779 F. App'x at 23.

During his trial testimony, Cole asserted that federal prosecutors knew that he was innocent, but nonetheless used "threat[s]" to coerce both of the GBG Witnesses and Horowitz to falsely testify Cole had entered into the undocumented side deals with GBG, and thereby overcame Horowitz's and the other witnesses' volition, not the other way round.

In his opposition, Cole asserts the prosecutors could have both threatened Horowitz to compel him to (purportedly falsely) testify that Cole entered into the oral agreements with GBG and that Horowitz simultaneously overcame the prosecutors' volition by providing the very same testimony. That is nonsensical, and indeed irrational.[5]

Conclusion

For all of the reasons stated herein, in our Opening Memorandum and in the accompanying Affirmations, we respectfully submit that the Amended Complaint herein should be dismissed, as against Horowitz, with prejudice.

---

[5] The foregoing dispositive arguments apply equally to Cole's malicious prosecution claim insofar as it purportedly arises from the obstruction of justice charges brought against Cole. This theory of liability is, once again, irrational. While Cole asserts Horowitz testified to Cole destroying documents (Cole Opp. Mem. at 3); that is not true. Horowitz solely testified that he destroyed documents, at Cole's direction. Accordingly, just as with the underlying fraud scheme, Horowitz directly implicated himself in a crime; furthermore, Horowitz pleaded guilty to obstruction. Affirmation of David R. Lurie, dated May 11, 2026, Exh. H (excerpting testimony). Finally, the (unrebutted) presumptions of probable cause arising both from Judge Ramos's findings and the indictment apply with full force to this portion of Cole's purported claim.

10

Dated: May 11, 2026
Brooklyn, New York

Respectfully submitted,


LAW OFFICE OF DAVID R. LURIE, PLLC


By: _____/s/_____

David R. Lurie
194 President Street
Brooklyn, NY 11231
347-651-0194

*Attorneys for Defendant Seth Horowitz*

11

Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,830 words (exclusive of the caption, any index, table of contents, table of authorities, signature blocks and this certificate).