**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NEIL COLE,<br><br>               Plaintiff,<br><br>     -against-<br><br>ICONIX INTERNATIONAL INC. f/k/a ICONIX BRAND GROUP, INC., and SETH HOROWITZ,<br><br>               Defendants. | INDEX NO. 1:25-cv-09357 (MKV)<br><br><br><br>**ORAL ARGUMENT REQUESTED** |

**<u>DEFENDANT ICONIX INTERNATIONAL INC.'S REPLY MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................... 1

I.     COLE'S CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW. ...................................................................................................................... 1

II.    COLE FAILS TO ALLEGE A CLAIM FOR CONSEQUENTIAL DAMAGES. ........... 4

III.   COLE FAILS TO ALLEGE BREACH OF THE ADVANCEMENT AGREEMENT. .................................................................................................... 5

IV.   COLE'S IMPLIED COVENANT CLAIM FAILS AS A MATTER OF LAW............... 5

      A.    Cole's Obstruction-based Implied Covenant Claim Is Duplicative....................... 6

      B.    Cole's Recoupment-based Implied Covenant Claim Fails as a Matter of Law. ..................................................................................................................... 7

V.     COLE FAILS TO PLEAD A CLAIM FOR UNJUST ENRICHMENT. .......................... 9

CONCLUSION............................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AEA Middle Mkt. Debt Funding LLC v. Marblegate Asset Mgmt., LLC*,
214 A.D.3d 111 (N.Y. App. Div. 2023) ...................................................................................7

*Agerbrink v. Model Serv. LLC*,
155 F. Supp. 3d 448 (S.D.N.Y. 2016)....................................................................................10

*In re Alexander*,
2026 WL 74280 (S.D.N.Y. Jan. 9, 2026),
*appeal filed*, No. 26-239 (2d Cir. Feb. 3, 2026)......................................................................2

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
448 F.3d 573 (2d Cir. 2006)....................................................................................................9

*Bloomfield Inv. Res. Corp. v. Daniloff*,
2024 WL 3517850 (2d Cir. July 24, 2024)..............................................................................1

*Brown v. Cara*,
420 F.3d 148 (2d Cir. 2005)....................................................................................................9

*Campione v. Campione*, 942 F. Supp. 2d 279 (E.D.N.Y. 2013).....................................................10

*Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*,
723 F. Supp. 3d 212 (E.D.N.Y. 2024) ....................................................................................4

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
70 N.Y.2d 382 (1987) ..............................................................................................................9

*Cohen v. S.A.C. Trading Corp.*,
711 F.3d 353 (2d Cir. 2013)...................................................................................................10

*Cordero v. Transamerica Annuity Serv. Corp.*,
39 N.Y.3d 399 (2023) ..............................................................................................................9

*Dalton v. Educ. Testing Serv.*,
87 N.Y.2d 384 (1995) ..........................................................................................................7, 8

*Demetre v. HMS Holdings Corp.*,
127 A.D.3d 493 (N.Y. App. Div. 2015) ..................................................................................7

*DNF Assocs., LLC v. HSBC Bank USA, N.A.*,
2024 WL 3426777 (S.D.N.Y. July 16, 2024)..........................................................................4

*Dorset Indus., Inc. v. Unified Grocers, Inc.*,
 893 F. Supp. 2d 395 (E.D.N.Y. 2012) ........................................................................8

*E.J. Brooks Co. v. Cambridge Sec. Seals*,
 31 N.Y.3d 441 (2018) ..............................................................................................10

*Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*,
 680 F. Supp. 3d 322 (S.D.N.Y. 2023)......................................................................10

*Gipe v. DBT Xpress, LLC*,
 150 A.D.3d 1208 (N.Y. App. Div. 2017) ...............................................................2, 4

*Havel v. Kelsey-Hayes Co.*,
 83 A.D.2d 380 (N.Y. App. Div. 1981) ........................................................................8

*Island Sports Ctr. v. Belli Constr. Corp.*,
 628 N.Y.S.2d 952 (1995).............................................................................................3

*Jia Chen v. Antel Commc'ns, LLC*,
 No. 14-CV-10080, 2015 WL 5793404 (E.D.N.Y. Sept. 30, 2015) ...........................5

*Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*,
 187 A.D.2d 225 (N.Y. App. Div. 1993) ...................................................................10

*Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*,
 694 F. Supp. 3d 374 (S.D.N.Y. 2023)........................................................................6

*Kermanshah v. Kermanshah*,
 580 F. Supp. 2d 247 (S.D.N.Y. 2008)......................................................................10

*Matter of Legion of Christ, Inc. v. Town of Mount Pleasant*,
 151 A.D.3d 858 (N.Y. App. Div. 2017) ......................................................................8

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.P.A.*,
 244 F.R.D. 204 (S.D.N.Y. 2007) ................................................................................8

*Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*,
 2022 WL 18276016 (S.D.N.Y. Sept. 16, 2022).........................................................2

*Martin v. Metro. Prop. & Cas. Ins. Co.*,
 238 A.D.2d 389 (1997) ...............................................................................................4

*Mawson Infrastructure Grp., Inc. v. CleanSpark, Inc.*,
 2025 WL 2636305 (S.D.N.Y. Sept. 11, 2025)............................................................4

*Mid-Hudson Anesthesiologists, P.C. v. St. Luke's Cornwall*,
 2026 WL 734947 (S.D.N.Y. Mar. 16, 2026).........................................................2, 4

iii

*Premium Prods. Inc. v. O'Malley*,
    246 A.D.3d 948 (N.Y. App. Div. 2026) ....................................................................2, 4

*Quintanilla v. WW Int'l, Inc.*,
    541 F. Supp. 3d 331 (S.D.N.Y. 2021)............................................................................9

*Rocanova v. Equitable Life Assur. Socy.*,
    83 N.Y.2d 603 (1994) .................................................................................................1, 3

*Safka Holdings LLC v. iPlay, Inc.*,
    42 F. Supp. 3d 488 (S.D.N.Y. 2013)..............................................................................4

*Singh v. City of New York*,
    139 N.Y.S.3d 307 (N.Y. App. Div. 2020) ......................................................................9

*Smart Coffee, Inc. v. Sprauer*,
    140 N.Y.S.3d 376 (Civ. Ct. N.Y.C. 2021)......................................................................2

*Topps Co. v. Cadbury Stani S.A.I.C.*,
    380 F. Supp. 2d 250 (S.D.N.Y. 2005)............................................................................2

*Union Bank, N.A. v. CBS Corp.*,
    2009 WL 1675087 (S.D.N.Y. June 10, 2009) ..............................................................10

*URP Maiden Lane LLC v. Valley Nat'l Bank*,
    244 A.D.3d 509 (N.Y. App. Div. 2025) ..........................................................................6

*Zicherman v. State Farm Fire & Casualty Co.*,
    698 F. Supp. 3d 564 (S.D.N.Y. 2023)........................................................................3, 4

**PRELIMINARY STATEMENT**

Cole's Opposition, like his Amended Complaint, rests on a faulty premise: that a procedural double-jeopardy ruling rewrites the parties' contracts and turns Cole's claims into something more than a private dispute over advancement, recoupment, and indemnification. It does not. The ruling did not create new contractual duties, undo the Separation Agreement, make recoupment unrelated to indemnification obligations repayable, or transform Iconix's alleged nonpayment into a public harm. And no amount of backfilling in Cole's Opposition can cure the pleading defects in his Amended Complaint or support punitive or consequential damages.

The holes in Cole's argument are clear when his Opposition is read alongside his response to Defendant Seth Horowitz's motion to dismiss. (ECF 33.) There, Cole contends Horowitz alone maliciously caused his prosecution and resulting harm. Yet here, he tries to pin those same harms on Iconix to inflate damages. He cannot have it both ways.[1]

Cole's claims for consequential and punitive damages fail as a matter of law. His breach of the Advancement Agreement claim is conclusory, his implied covenant claim is duplicative and seeks to add obligations the contracts do not contain, and his unjust enrichment claim is both contract-barred and untimely. Counts III–V should therefore be dismissed with prejudice.

## I.    COLE'S CLAIM FOR PUNITIVE DAMAGES FAILS AS A MATTER OF LAW.

Cole advances multiple theories to justify punitive damages. None work. He has not alleged egregious public-facing conduct, and punitive damages are unavailable for a private contract dispute like this, and courts routinely dismiss such claims at the pleading stage, particularly where, as here, a plaintiff fails to allege public harm.[2]

---

[1] Iconix notes that the SEC dismissed its claims against Cole on May 4, 2026. As Iconix cited that matter mainly for background, the dismissal does not affect the legal arguments presented in Iconix's motion to dismiss.

[2] *See, e.g.*, *Rocanova v. Equitable Life Assur. Socy.*, 83 N.Y.2d 603, 613 (1994); *Bloomfield Inv. Res. Corp. v. Daniloff*, 2024 WL 3517850, at *4 (2d Cir. July 24, 2024).

Cole alleges neither conduct directed at the public nor the kind of extraordinarily egregious conduct that warrants punitive damages where the broader impact on the public calls for general deterrence. He contends that Iconix's alleged conduct relating to his criminal trials was "directed at the public" (Opp. at 22), but Cole's own Amended Complaint reveals these alleged actions (even when dressed up as relating to a "public" criminal case) are really all about Iconix's purported breach of indemnification obligations *to Cole alone*. Am. Compl. ¶¶ 93–95.

Cole's cases, *In re Alexander*, *Marky's*, *Smart Coffee*, *Island Sports*, *Premium Products*, *Mid-Hudson*, and *Gipe*, are distinguishable if not helpful to Iconix. They either do not involve egregious public-facing misconduct or involve different procedural postures. *Alexander* analyzed if sanctions, including punitive damages, could be enforced through contempt proceedings rather than by writ of execution, not whether a party's failure to comply with a court order satisfied the "directed at the public" requirement for punitive damages in a contract-based dispute.[3]

*Marky's* is inapposite as well. It reflects a line of cases allowing punitive damages for willful and malicious trade secret misappropriation.[4] "[N]either the Second Circuit nor this Court has required proof of public harm" in that specific context.[5] That rationale—rooted in the nature of trade secret misuse—has no application to the private contract dispute here.

In *Smart Coffee*, the landlord did not merely breach the lease; rather, she carried out an illegal lockout during a pandemic in defiance of executive orders—conduct that "thumbed [the landlord's] nose at the judicial process" and "greatly offended the public sense of justice and decency."[6] That shares no connection with the purely private contractual dispute alleged here.

---

[3] *In re Alexander*, 2026 WL 74280, at *2, 7, 9 (S.D.N.Y. Jan. 9, 2026), *appeal filed*, No. 26-239 (2d Cir. Feb. 3, 2026).

[4] *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, 2022 WL 18276016, at *10 (S.D.N.Y. Sept. 16, 2022).

[5] *Topps Co. v. Cadbury Stani S.A.I.C.*, 380 F. Supp. 2d 250, 267 (S.D.N.Y. 2005).

[6] *Smart Coffee, Inc. v. Sprauer*, 140 N.Y.S.3d 376, 387–88 (Civ. Ct. N.Y.C. 2021).

And *Island Sports* itself reinforced that "punitive damages are normally not available for [a] mere breach of contract since 'their purpose is not to remedy private wrongs, but to vindicate public rights.'"[7] It explained that courts allow punitive damages only where conduct evinces a "high degree of moral turpitude" or was "actuated by evil and reprehensible motives," and demonstrates "such wanton dishonesty as to imply a criminal indifference to civil obligations," and even then, only if it was "aimed at the public generally." *Id.* Accordingly, the court permitted punitive damages only because defendant's actions were so "reprehensible" and "disingenuous or dishonest" that such damages were necessary to avoid signaling to the public that such conduct was permissible. *Id.* at 956. Cole, by contrast, alleges a private contractual dispute about monies he claims are owed to him alone. Alleging that Iconix cooperated with federal authorities prosecuting Cole (*see* Opp. at 10) (which Cole separately blames entirely on Horowitz) does not transform this dispute into one involving wanton dishonesty or reprehensible motives aimed at the public or creating a *public* harm calling for punitive damages.

Punitive damages also require an independent tort.[8] Cole tries to satisfy that requirement by pointing to two claims he failed to plead in his Amended Complaint. But his belated attempt to fill that gap with a fraud claim fails. (Opp. at 21.) Indeed, all Cole can muster is a single allegation that Iconix's purported failure to advance legal expenses "was also at least in part fraudulent." Am. Compl. ¶ 101. And as set forth below, Cole's implied covenant claim fails as a matter of law, so it cannot supply the independent tort needed here. *Infra* at § IV.

In any event, as explained in *Zicherman*—which Cole cites for the (split) authority that an implied covenant claim can satisfy the independent tort requirement (Opp. at 20)—an

---

[7] *Island Sports Ctr. v. Belli Constr. Corp.*, 628 N.Y.S.2d 952, 955 (1995) (quoting *Rocanova*, 83 N.Y.2d at 613).
Note: *Island Sports* is referred to as *Suffolk Sports Center, Inc.* in Cole's brief; both refer to the same case.
[8] *Rocanova*, 83 N.Y.2d at 613.

independent tort is necessary, not sufficient. Cole must still plead conduct "directed toward the public generally," which he fails to do.[9] 698 F. Supp. 3d at 573–74. "Because proving entitlement to punitive damages requires showing that the harm is aimed at the public generally, many claims are dismissed because of the difficulty in gathering such proof." *Id.* at 573.

Finally, *Premium Products*, *Mid-Hudson*, and *Gipe* did <u>not</u> hold that dismissing punitive damages claims is categorically improper at the pleadings stage.[10] They held, on specific records, that dismissal was premature, which is not the case here. (Opp. at 23–24.)

## II.   COLE FAILS TO ALLEGE A CLAIM FOR CONSEQUENTIAL DAMAGES.

Cole's consequential damages claim fails because he does not plead facts showing that the damages he seeks were within the parties' contemplation at the time of contracting. His Opposition does not fix that problem, and the cases he cites do not save his claim.

*DNF* addresses whether damages are calculable, not whether they were contemplated.[11] And while *Cargo Logistics* treated foreseeability as "a question of fact," it did not, as Cole suggests, create a categorical rule that foreseeability of consequential damages is "a question of fact unsuitable for resolution at the pleading stage." (Opp. at 24.) Indeed, courts often dismiss consequential damages claims where, as here, the complaint lacks supporting facts.[12] This claim should be dismissed as too remote, speculative, and insufficiently pleaded. *See* Mot. at 23–24.

---

[9] *Zicherman v. State Farm Fire & Casualty Co.*, 698 F. Supp. 3d 564 (S.D.N.Y. 2023).

[10] *Premium Prods. Inc. v. O'Malley*, 246 A.D.3d 948, 955 (N.Y. App. Div. 2026); *Mid-Hudson Anesthesiologists, P.C. v. St. Luke's Cornwall*, 2026 WL 734947, at *11 (S.D.N.Y. March 16, 2026); *Gipe v. DBT Xpress, LLC*, 150 A.D.3d 1208, 1210 (N.Y. App. Div. 2017).

[11] (Opp. at 25); *DNF Assocs., LLC v. HSBC Bank USA, N.A.*, 2024 WL 3426777, at *6 (S.D.N.Y. July 16, 2024).

[12] *See Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*, 723 F. Supp. 3d 212, 233 (E.D.N.Y. 2024); *Martin v. Metro. Prop. & Cas. Ins. Co.*, 238 A.D.2d 389, 390 (N.Y. App. Div. 1997) (reversing denial of motion to dismiss consequential damages); *Mawson Infrastructure Grp., Inc. v. CleanSpark, Inc.*, 2025 WL 2636305, at *6 (S.D.N.Y. Sept. 11, 2025) (granting motion to dismiss consequential damages); *Safka Holdings LLC v. iPlay, Inc.*, 42 F. Supp. 3d 488, 493 (S.D.N.Y. 2013) (collecting cases).

**III.    COLE FAILS TO ALLEGE BREACH OF THE ADVANCEMENT AGREEMENT.**

Cole tries but fails to paper over his pleading failures by attacking an argument Iconix never made. Cole's failure is not about specifying the *amount* he claims is due to him under the Advancement Agreement—it is that his Amended Complaint never alleges why the $1.76 million he claims he is due constitutes covered expenses under the Advancement Agreement. Although this would be information he should have had, Cole does not allege what the charges were for or how they otherwise fit within the Agreement's scope and cap. He conclusively asserts that the amount is owed pursuant to the Agreement. That is insufficient.

Cole's efforts to distinguish *Gallo* and *Jia Chen* fail. Cole argues that unlike in *Gallo*, here, there is no "trigger" for payment "other than Iconix's signature on the agreement." (Opp. at 8.) He is incorrect. The trigger is not a signature; it is a qualifying bill under the Advancement Agreement. Similarly, Cole argues that, unlike in *Jia Chen*, he has "unequivocally alleged entitlement" to $1.76 million. (Opp. at 9.) But the issue is not whether Cole *says* the amount is owed. It is whether he pleads facts showing that the amount is contractually due. As in *Jia Chen*, Cole fails to allege that the expenses fall within the Agreement's scope, cap, and limitations.[13]

**IV.    COLE'S IMPLIED COVENANT CLAIM FAILS AS A MATTER OF LAW.**

Cole's implied covenant claim also fails as his two theories—obstruction and recoupment—attempt to transform alleged breaches of contract into independent claims or add obligations the parties never agreed to. Where, as here, an implied covenant claim arises from the same operative facts as a breach of contract claim,[14] it should be dismissed.

---

[13] *See Jia Chen v. Antel Commc'ns, LLC*, 2015 WL 5793404, at *4–5 (E.D.N.Y. Sept. 30, 2015).

[14] Any alleged contract damages will face their own challenges, including Cole's entitlement to such damages at all and the reasonableness of his claimed expenses.

5

**A.      Cole's Obstruction-based Implied Covenant Claim Is Duplicative.**

Cole's obstruction-based implied covenant claim arises from the same facts underlying his breach of contract claims. (Mot. at 16.) He points to Iconix's supposed refusal to cooperate with his defense, failure to provide documents, and handling of an SEC interview (Opp. at 10), but these merely repackage his claim that Iconix failed to support his defense, the basis of his breach of contract claim. Indeed, Cole's breach claim alleges that Iconix "abruptly and inexcusably failed to continue advancing Cole's legal expenses," imposed conditions on counsel and fees that "disrupt[ed] his pre-trial preparations" and "harm[ed] [his] ability to defend himself," and acted in a manner "purposefully intended to harm and punish Cole at his most vulnerable." Am. Compl. ¶¶ 64, 71–76, 85. His theory therefore rests on a single premise: alleged nonperformance of contractual obligations in connection with his defense.

Cole's reliance on *Kaplan* does him no favors. There, this Court dismissed the implied covenant claim because it duplicated the breach of contract claim, emphasizing that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant . . . when a breach of contract claim, based on the same facts, is also pleaded."[15] So too here. Cole's claimed harms, including alleged disruption of his defense in the criminal proceedings, are the alleged effects of Iconix's purported failure to fund his defense. They do not arise independently.

Cole's remaining authorities are readily distinguishable because, unlike here, each involved conduct independent of the alleged breach. In *URP Maiden Lane LLC*, defendants went beyond failing to perform to misleading third parties and undermining the transaction, thereby "hinder[ing] plaintiff's ability to receive the fruits of the agreement."[16] Moreover, the implied covenant claim was pleaded in the alternative. *Id.* Here, Cole alleges no comparable third-party

---

[15] *See Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 388 (S.D.N.Y. 2023).

[16] *URP Maiden Lane LLC v. Valley Nat'l Bank*, 244 A.D.3d 509, 510 (N.Y. App. Div. 2025).

misconduct or independent interference, and he chose not to plead his implied covenant claim in the alternative despite the issue being raised in Cole's pre-motion letter (ECF 16 at 2) and his opportunity to amend. His attempt to backfill with a footnote will not do. (*See* Opp. at 12 n.4.)

In *AEA*, the court allowed an implied covenant claim because it involved misconduct "separate from the conduct constituting the alleged breach of contract"—a scheme to manipulate a restructuring process, foreclosure, and credit-bid process to deprive plaintiffs of their rights. [17]

*Demetre* and *Dalton* are likewise unhelpful. In *Demetre*, dismissal was premature because a "best efforts" provision was ambiguous and the record undeveloped, making it unclear whether the conduct fell within the contract's express terms.[18] Here, the agreements expressly define Iconix's obligations, so Cole's implied covenant claim is not filling a gap in the contract. And *Dalton* did not address duplicative claims at all. Rather, the court treated the implied covenant as part of the contract itself in finding a breach.[19]

###     B.    Cole's Recoupment-based Implied Covenant Claim Fails as a Matter of Law.

Cole's argument that the agreements need not expressly provide for return of recouped compensation because the implied covenant can supply such an obligation (Opp. at 12), misunderstands the doctrine. While an implied covenant claim need not rely on an express provision, it cannot create new obligations untethered to or inconsistent with the contract.

Cole's reliance on *Dalton* is once again misplaced. That case did not involve the creation of new contractual obligations, but rather the enforcement of existing contractual procedures governing the exercise of discretion, where ETS failed to "consider any relevant material submitted" as required by the agreement. 87 N.Y.2d at 389–90. As the Court emphasized, "no

---

[17] *AEA Middle Mkt. Debt Funding LLC v. Marblegate Asset Mgmt., LLC*, 214 A.D.3d 111, 133–34 (N.Y. App. Div. 2023).

[18] *Demetre v. HMS Holdings Corp.*, 127 A.D.3d 493, 494 (N.Y. App. Div. 2015).

[19] *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995).

obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship," reinforcing that the implied covenant operates only within the contract. *Id.*

*Dorset*, *Havel*, and *Manhattan Motorcars* are likewise distinguishable. In *Dorset*, the defendant terminated an agreement then "creat[ed] a competing check-out . . . program" using the plaintiff's model, thereby "subvert[ing] the contract's purpose" and depriving the plaintiff of its expected revenue stream.[20] *Dorset* therefore involved affirmative misconduct that undermined the entire structure of the parties' bargain unlike here, where Cole alleges no comparable scheme. And *Dorset* itself reiterates that the implied covenant "does not add to the contract a substantive provision not included by the parties." *Id.* at 406.

In *Havel*, the plaintiff granted an exclusive patent license in exchange for royalties. The court implied a duty to use "due diligence to exploit the process" to make the contract commercially meaningful.[21] This is a narrow exception applied where, unlike here, the contract would otherwise be economically nonsensical.

And in *Manhattan Motorcars*, the court only implied a term where the contract was silent on the issue and the obligation did not "contradict[] the express terms."[22] Here, Cole's theory does not interpret silence because the separation agreement expressly governs recoupment.

Cole's remaining arguments misread the law. For example, Cole contends that Iconix improperly references a WHEREAS clause to create rights. (Opp. at 13–14.) It does not. Iconix simply refers to that clause for context. That "statements in a whereas clause . . . do not create rights *beyond* those arising from the contract's operative terms"[23] does not mean they should be

---

[20] *Dorset Indus., Inc. v. Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 405–07 (E.D.N.Y. 2012).

[21] *Havel v. Kelsey-Hayes Co.*, 83 A.D.2d 380, 384 (N.Y. App. Div. 1981).

[22] *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.P.A.*, 244 F.R.D. 204, 218 (S.D.N.Y. 2007).

[23] *Matter of Legion of Christ, Inc. v. Town of Mount Pleasant*, 151 A.D.3d 858, 860 (N.Y. App. Div. 2017) (emphasis added); (*see* Opp. at 13.)

ignored entirely. Here, the clause merely reflects the parties' intent to fully and finally resolve recoupment, with the operative provisions controlling recoupment. Likewise, Cole's Release argument fails. The Release does not preserve any right to recover recouped funds and, in any event, the Agreement ties recoupment to the restatement and contractual terms, not subsequent developments like Cole's later acquittal. (*See* Opp. at 13–14.)

Cole's footnoted attempt to distinguish *Quintanilla* and *Singh* mischaracterizes those decisions. (Opp. at 13 n.5.) In rejecting the implied covenant claims, both cases relied on the absence of any contractual basis to infer the obligation plaintiffs sought to impose, not, as Cole asserts, a direct "contradiction" between the contract terms and the implied duty asserted.[24] The lack of any basis to infer such obligations here compels the same result.

Cole's reliance on *Cordero* is similarly misplaced. He cites it for the uncontroversial proposition that courts consider "reasonable expectations" (Opp. at 15), but omits that the Court of Appeals rejected the implied covenant claim because the obligation was not tied to the contract's terms.[25] Cole also misapplies *Brown* (Opp. at 15), which involved an agreement whose terms and scope were not fully defined, creating factual questions about the parties' intent.[26] Here, the Separation Agreement expressly defines the recoupment, leaving no ambiguity.

## V.      COLE FAILS TO PLEAD A CLAIM FOR UNJUST ENRICHMENT.

Cole's unjust enrichment claim fails for two independent reasons that his Opposition does not cure. *First*, where a valid contract governs a dispute, quasi-contract claims are barred.[27] Here, the Separation Agreement governs the recoupment and does not provide for repayment. Cole's

---

[24] *Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 352 (S.D.N.Y. 2021); *Singh v. City of New York*, 139 N.Y.S.3d 307, 311 (N.Y. App. Div. 2020).

[25] *Cordero v. Transamerica Annuity Serv. Corp.*, 39 N.Y.3d 399, 410–11 (2023).

[26] *Brown v. Cara*, 420 F.3d 148, 152–53 (2d Cir. 2005).

[27] *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388–89 (1987); *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586–87 (2d Cir. 2006).

9

argument that Iconix did not identify a specific repayment provision misses the point. (Opp. at 16.) The question is whether the contract covers the subject, not the remedy Cole now seeks. And it does cover the subject. *See* Mot. at 20–21; Levitt Decl. Ex. E, ¶¶ 1–5, 18.

Again, Cole's cited cases do not help him. *Frio* and *Joseph Sternberg* involved contracts silent as to what would happen if certain conditions failed.[28] Here, there is no such gap. *Agerbrink* involved a challenge to the legality of the contract itself,[29] which Cole does not assert. And in *Union Bank*, the court could not resolve the dispute on the pleadings, because it depended on facts outside the contract.[30] Here, Cole's claim turns on the contract alone.

*Second*, Cole cannot refute that the unjust enrichment claim is time-barred. The claim accrues when the defendant's retention of the benefit first becomes wrongful, not when a later event makes it seem unfair.[31] The later reversal of his conviction thus does not reset accrual, and his cited cases do not apply. In *Campione*, the claim accrued only after the defendant later repudiated obligations.[32] In *Kermanshah*, the timing of the wrongful act was unclear.[33] And in *Cohen*, accrual depended on a later wrongful act giving rise to restitution.[34] None applies here.

Nor does Cole's claim of disparate treatment compared to Horowitz create any right to restitution. (Opp. at 16–17.) Indeed, he cites no authority in support of this conclusory assertion.

## CONCLUSION

Iconix respectfully requests that this Court dismiss Counts III–V of Cole's Amended Complaint with prejudice, and his claims for punitive and consequential damages.

---

[28] *Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 340–41 (S.D.N.Y. 2023); *Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*, 187 A.D.2d 225, 228 (N.Y. App. Div. 1993).

[29] *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 459–60 (S.D.N.Y. 2016).

[30] *Union Bank, N.A. v. CBS Corp.*, 2009 WL 1675087, at *8 (S.D.N.Y. June 10, 2009).

[31] *See E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 455 (2018).

[32] *Campione v. Campione*, 942 F. Supp. 2d 279, 283–84 (E.D.N.Y. 2013).

[33] *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 264 (S.D.N.Y. 2008).

[34] *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013).

Dated: May 11, 2026                                    MORRISON & FOERSTER LLP
       New York, New York


                                          By:  /s/ Jamie A. Levitt
                                               _____
                                               Jamie A. Levitt
                                               JLevitt@mofo.com
                                               Michael D. Birnbaum
                                               MBirnbaum@mofo.com
                                               250 West 55th Street
                                               New York, NY 10019-9601
                                               Telephone: 212.468.8000
                                               Facsimile: 212.468.7900

                                               *Attorneys for Defendant
                                               Iconix International Inc.*

11